IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD C. BELL,

    Petitioner,                    No. 10-cv-3228 CKD P

    vs.

GARY SWARTHOUT,

                               ORDER

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the May 20, 2009 finding by the California Board of Parole Hearings (BPH) that petitioner was unsuitable for parole. (Doc. No. 1 at 7; see Doc. 1-1 at 13-18 (Board decision).) Petitioner has consented to this court's jurisdiction.

        On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth

1

1  Circuit's holding that California law does create a liberty interest in parole was "a reasonable
2  application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court
3  stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862.  Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862.  "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1 interest...." Id., at 863.  "No opinion of ours supports converting California's "some evidence"
2 rule into a substantive federal requirement." Id., at 862.  Thus, it appears there is no federal due
3 process requirement for a "some evidence" review and it also appears that federal courts are
4 precluded from review of the state court's application of its "some evidence" standard.

5       A review of the petition in this case demonstrates that it is entirely based on an
6 alleged violation of California's "some evidence" requirement.  Thus, the petition will be
7 dismissed for the reasons discussed above.

8       Accordingly, IT IS HEREBY ORDERED that:
9       1. The petition (Doc. No. 1) is dismissed; and
10       2. The Clerk of Court shall close this case.

Dated: August 8, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
bell3228.parole screening 'some evidence'.wpd